Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2022 11:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-01388-ODW-MAA   Document 1-2   Filed 03/01/22   Page 2 of 45   Page ID #:20

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Alarcon

1    Gavril T. Gabriel, Esq. [SBN: 296433]
     **THE LAW OFFICES OF GAVRIL T. GABRIEL**
2    8255 Firestone Blvd., Suite 209
     Downey, California 90241

3

     Phone: (562) 758-8210
4    Fax: (562) 758-8219
     Email: GGabriel@GTGLaw.org

5

     Attorney for PLAINTIFF,
6    RAMAN MEHRA

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

10

| | |
|---|---|
| 11   RAMAN MEHRA, an individual, | CASE NO. **22STCV01676** |
| 12         Plaintiff, | |
| 13   v. | COMPLAINT FOR: |
| | (1)   FAILURE TO PAY WAGES; |
| | (2)   FAILURE TO PROVIDE OVERTIME COMPENSATION; |
| 14   J. B. HUNT TRANSPORT, INC., a Georgia corporation; JOHN ROBERTS, an | (3)   FAILURE TO PROVIDE REST BREAKS; |
| 15   individual; JENNIFER BOATTINI, an individual; JOHN KUHLOW, an individual; | (4)   FAILURE TO PROVIDE MEAL BREAKS; |
| | (5)   WAITING TIME PENALTIES; |
| 16   SCOTT DOE, an individual; and DOES 1 through 50, inclusive, | (6)   FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS; |
| 17        Defendants. | (7)   FAILURE TO PRODUCE EMPLOYEE FILE; |
| | (8)   RACE DISCRIMINATION; |
| 18 | (9)   HOSTILE WORK ENVIRONMENT; |
| | (10) RETALIATION (Gov. Code, § 12940(h)); |
| 19 | (11) FAILURE TO PREVENT HARASSMENT, DISCRIMINATION AND RETALIATION; |
| 20 | (12) RETALIATION (Labor Code, § 1102.5); |
| | (13) UNFAIR AND UNLAWFUL BUSINESS PRACTICES (In Violation of Bus. & Prof. Code, §§ 17200 *et seq.*); and |
| 21 | |
| 22 | (14) WRONGFUL CONSTRUCTIVE TERMINATION [In Violation of Public Policy]. |
| 23 | |
| 24 | Unlimited, Jury Trial Demanded |

*(Left margin, vertical text: THE LAW OFFICES OF GAVRIL T. GABRIEL, 8255 FIRESTONE BLVD., SUITE 209, DOWNEY, CA 90241)*

25       COMES NOW PLAINTIFF, RAMAN MEHRA (hereafter referred to as "Plaintiff" or

26   "Mr. Mehra"), and complains and alleges as follows:

27                   **I.**      **SUMMARY**

28       This is an action by Plaintiff, whose employment with J. B. HUNT TRANSPORT, INC.

**COMPLAINT FOR DAMAGES**

1  (hereafter referred to as "Defendant" or "J. B. HUNT") was wrongfully constructively terminated.

2  Plaintiff brings this action against Defendants for economic, non-economic, compensatory, and

3  punitive damages, pursuant to *Civil Code* section 3294, pre-judgment interest pursuant to *Code of*

4  *Civil Procedure* section 3291, and costs and reasonable attorney's fees pursuant to *Government*

5  *Code* section 12965(b) and *Code of Civil Procedure* section 1021.5.

6  ## II.    PARTIES

7      1.      *Plaintiff:* Plaintiff, at all times mentioned in this Complaint, was employed by

8  Defendant in the City of Commerce, County of Los Angeles, California.

9      2.      *Defendants:* Defendants J. B. HUNT TRANSPORT, INC. and DOES 1 through 10

10  (hereafter collectively referred to as "Defendant" or "J. B. HUNT") are, and at all times relevant

11  were, a Georgia corporation duly organized and existing by virtue of the laws of the State of

12  Georgia, are qualified to do business and are doing business in the State of California, with their

13  relevant places of business in the city of Commerce, County of Los Angeles, California.

14      3.      *Individual Defendants:* Defendants JOHN ROBERTS and DOES 11 through 20

15  (hereafter collectively referred to as "Defendant" or "John Roberts") are, and at all times relevant

16  were, individuals who reside in the County of Los Angeles, California.

17      4.      Defendants JENNIFER BOATTINI and DOES 21 through 30 (hereafter

18  collectively referred to as "Defendant" or "Jennifer Boattini") are, and at all times relevant were,

19  individuals who reside in the County of Los Angeles, California.

20      5.      Defendants JOHN KUHLOW and DOES 31 through 40 (hereafter collectively

21  referred to as "Defendant" or "John Kuhlow") are, and at all times relevant were, individuals who

22  reside in the County of Los Angeles, California.

23      6.      Defendants SCOTT DOE and DOES 41 through 50 (hereafter collectively referred

24  to as "Defendant" or "Scott Doe") are, and at all times relevant were, individuals who reside in the

25  County of Los Angeles, California.

26      7.      *Doe Defendants:* Defendants Does 1 through 50, inclusive, are sued under fictitious

27  names pursuant to *Code of Civil Procedure* section 474. Plaintiff is informed and believes, and on

28  that basis alleges, that each of the Defendants sued under fictitious names are in some manner

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-2-
**COMPLAINT FOR DAMAGES**

1   responsible for the wrongs and damages alleged below, in so acting was functioning as the agent,

2   servant, partner, and employee of the co-Defendants, and in taking the actions mentioned below

3   was acting within the course and scope of his or her authority as such agent, servant, partner, and

4   employee, with the permission and consent of the co-Defendants. The named Defendants and Doe

5   Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

6        8.    *Relationship of Defendants:* All Defendants were responsible for the events and

7   damages alleged herein, including on the following bases: (a) Defendants committed the acts

8   alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or

9   acted under the control or supervision, of one or more of the remaining Defendants and, in

10  committing the acts alleged, acted within the course and scope of such agency and employment

11  and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a

12  unity of ownership and interest between or among two or more of the Defendants such that any

13  individuality and separateness between or among those Defendants has ceased, and Defendants are

14  the alter egos of one another. Defendants exercised domination and control over one another to

15  such an extent that any individuality or separateness of Defendants does not, and at all times herein

16  mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would

17  permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions

18  of all Defendants were taken by employees, supervisors, executives, officers, and directors during

19  employment with all Defendants, were taken on behalf of all Defendants, and were engaged in,

20  authorized, ratified, and approved of by all other Defendants.

21       9.    Finally, at all relevant times mentioned herein, all Defendants acted as agents of all

22  other Defendants in committing the acts alleged herein.

23          **III.    ALTER EGO ALLEGATIONS**

24       10.    Plaintiff is informed and believes, and based thereon alleges, that some if not all of

25  the companies and entities named as DEFENDANTS herein, including but not limited to J. B.

26  HUNT TRANSPORT, INC. and DOES 1 through 10 ("ALTER EGO ENTITY/ENTITIES"), and

27  each of them, were at all times relevant the ALTER EGO ENTITIES of the individual Defendants

28  JOHN ROBERTS and DOES 11 through 20, JENNIFER BOATTINI and DOES 21 through 30

THE LAW OFFICES OF GAVRIL T. GABRIEL<br>8255 FIRESTONE BLVD., SUITE 209<br>DOWNEY, CA 90241

-3-

**COMPLAINT FOR DAMAGES**

1   and JOHN KUHLOW and DOES 31 through 40 by reason of the following:

2          11.     Alter Ego liability is appropriate when a company is used by an individual or

3   individuals, or by another company, to perpetrate a fraud, circumvent a statute, or accomplish some

4   other wrongful or inequitable purpose. A court may disregard the corporate entity and treat the acts

5   as if they were done by the individuals themselves. (*Kohn v. Kohn* (1950) 95 Cal.App.2d 708, 717-

6   720.)

7          a.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein

8   mentioned, there existed and now exists 1) a unity of interest and ownership between said individual

9   Defendants JOHN ROBERTS and DOES 11 through 20, JENNIFER BOATTINI and DOES 21

10  through 30 and JOHN KUHLOW and DOES 31 through 40 and ALTER EGO ENTITIES; and 2)

11  the separateness of said individual Defendants and each of the ALTER EGO ENTITIES has ceased

12  and an inequitable result will follow if the acts identified in this Complaint are treated as those of

13  the company alone. (*Crestmar Owner Assn.* (2007) 157 Cal.App.4th 1223, 1232).

14         b.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein

15  mentioned, J. B. HUNT TRANSPORT, INC. was a closely held corporation with at least three

16  members/shareholders, Defendants JOHN ROBERTS, JENNIFER BOATTINI and JOHN

17  KUHLOW.

18         c.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein

19  mentioned, Defendants JOHN ROBERTS, JENNIFER BOATTINI and JOHN KUHLOW

20  dominated, influenced, and controlled J. B. HUNT TRANSPORT, INC. as Defendants JOHN

21  ROBERTS, JENNIFER BOATTINI and JOHN KUHLOW are the Owners, Managers, Members,

22  Secretaries, and/or Chief Executive Officers and Chief Financial Officers of J. B. HUNT

23  TRANSPORT, INC.

24         d.      By virtue of the foregoing, adherence to the fiction of the separate corporate

25  existence of each of the ALTER EGO ENTITIES would, under the circumstance, produce an

26  unequitable result in that Defendants JOHN ROBERTS, JENNIFER BOATTINI and JOHN

27  KUHLOW, who made all major decisions for J. B. HUNT TRANSPORT, INC. would not be held

28  liable for their decisions made on behalf of J. B. HUNT TRANSPORT, INC. These facts

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-4-

demonstrate that J. B. HUNT TRANSPORT, INC. and DOES 1 through 10 were simply the alter ego of Defendants JOHN ROBERTS and DOES 11 through 20, JENNIFER BOATTINI and DOES 21 through 30 and JOHN KUHLOW and DOES 31 through 40, so that Defendants JOHN ROBERTS, JENNIFER BOATTINI and JOHN KUHLOW are individually responsible for all damages, including but not limited to damages, penalties, interest, attorney's fees, and costs due and owing to Plaintiff.

e.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, the individual Defendants dominated, influenced, and controlled each of the ALTER EGO ENTITIES and the officers/members thereof, as well as the business, property, and affairs of each of said entities.

f.      Plaintiff is informed and believes, and based thereon alleges, that at all times since the initiation of each, each ALTER EGO ENTITY has been and now is a mere shell, which said individual Defendants used as a conduit for the conduct of his/her/their personal business, property, and affairs.

g.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the ALTER EGO ENTITIES were created pursuant to a fraudulent plan, scheme and device, conceived and operated by said individual Defendants, whereby the income, revenue and profits of each of the ALTER EGO ENTITIES were diverted by said individual Defendants to himself/herself/themselves.

h.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the ALTER EGO ENTITIES were organized by said individual Defendants as a device to avoid individual liability and for the purpose of substituting financially irresponsible entities in the place and stead of said individual Defendants, and each of them, and accordingly, each ALTER EGO ENTITY was formed with capitalization totally inadequate for the business in which said corporation was engaged.

i.      Plaintiff is informed and believes, and based thereon alleges that at all times herein mentioned, each of the ALTER EGO ENTITIES and the individual Defendants committed the following wrongful acts: 1) commingled funds and other assets; 2) failed to segregate funds of the

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-5-

individual and the corporation; 3) diverted corporate funds without authorization for anything other than corporate purposes; 4) treatment by an individual of corporate assets as her own; 5) failed to seek authority to issue stock or issue stock under existing authorization; 6) represented to an individual that she is personally liable for corporate debts; 7) failed to maintain adequate corporate minutes or records; 8) intermingled individual and corporate records; 9) ownership of all stock by a single individual or family; 10) domination or control of the corporation by the stockholders; 11) use of a single address for the individual and the corporation; 12) inadequate capitalization of the corporation; 13) use of the corporation as a mere conduit for an individual's business; 14) concealed ownership of the corporation; 15) disregarded formalities and failed to maintain arm's-length transactions with the corporation; and 16) attempted to segregate liabilities to the corporation.

j.      Plaintiff is informed and believes, and based thereon alleges, that each ALTER EGO ENTITY is insolvent.

k.      By virtue of the foregoing, adherence to the fiction of the separate corporate existence of each of the ALTER EGO ENTITIES would, under the circumstances, sanction fraud and promote injustice in that Plaintiff would be unable to realize any judgment in Plaintiff's favor.

## IV.   PERSONAL LIABILITY OF OWNER, DIRECTOR, OFFICER OR MANAGING AGENT OF THE EMPLOYER PURSUANT TO CALIFORNIA *LABOR CODE* SECTION 558.1 ET SEQ.

12.     Pursuant to California *Labor Code* section 558.1 *et seq*., "any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."

13.     Pursuant to California *Labor Code* section 558.1 *et seq*., "'the term 'other person acting on behalf of an employer' is limited to a natural person who is an owner, director, officer, or managing agent of the employer...'"

**a.      <u>Individual Defendant,</u> JOHN ROBERTS**

14.     Plaintiff is informed and believes that JOHN ROBERTS and DOES 11 through 20

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-6-

**COMPLAINT FOR DAMAGES**

1   are an owner, director, officer, or managing agent of the employer J. B. HUNT TRANSPORT,

2   INC. and DOES 1 through 10.

3       15.    Plaintiff has alleged violations of *Labor Code* sections 201, 203, 226, 226.7, 510

4   and 1194.

5       16.    Pursuant to *Labor Code* section 558.l *et seq*., Plaintiff alleges personally liability

6   against JOHN ROBERTS and DOES 11 through 20 with respect to the causes of action relating to

7   *Labor Code* sections 201, 203, 226, 226.7, 510 and 1194.

8       b.    **Individual Defendant, <u>JENNIFER BOATTINI</u>**

9       17.    Plaintiff is informed and believes that JENNIFER BOATTINI and DOES 21

10  through 30 are an owner, director, officer, or managing agent of the employer J. B. HUNT

11  TRANSPORT, INC. and DOES 1 through 10.

12      18.    Plaintiff has alleged violations of *Labor Code* sections 201, 203, 226, 226.7, 510

13  and 1194.

14      19.    Pursuant to *Labor Code* section 558.l *et seq*., Plaintiff alleges personally liability

15  against JENNIFER BOATTINI and DOES 21 through 30 with respect to the causes of action

16  relating to *Labor Code* sections 201, 203, 226, 226.7, 510 and 1194.

17      c.    **Individual Defendant, <u>JOHN KUHLOW</u>**

18      20.    Plaintiff is informed and believes that JOHN KUHLOW and DOES 31 through 40

19  are an owner, director, officer, or managing agent of the employer J. B. HUNT TRANSPORT,

20  INC. and DOES 1 through 10.

21      21.    Plaintiff has alleged violations of *Labor Code* sections 201, 203, 226, 226.7, 510

22  and 1194.

23      22.    Pursuant to *Labor Code* section 558.l *et seq*., Plaintiff alleges personally liability

24  against JOHN KUHLOW and DOES 31 through 40 with respect to the causes of action relating to

25  *Labor Code* sections 201, 203, 226, 226.7, 510 and 1194.

26      **V.    VENUE AND JURISDICTION**

27      23.    Venue is proper in the County of Los Angeles because Defendants employed

28  Plaintiff in the County of Los Angeles, and the acts complained of herein occurred in the County

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-7-

**COMPLAINT FOR DAMAGES**

1    of Los Angeles.

2                    **VI.    FACTS COMMON TO ALL CAUSES OF ACTION**

3         24.    *Plaintiff's hiring:* Plaintiff Raman Mehra (hereafter "Mr. Mehra" or "Plaintiff") is

4    currently 37 years old and identifies his race/ethnicity as Indian. On or around October 1, 2019

5    Plaintiff was hired by Defendant J.B. Hunt Transport, Inc. (hereafter "J.B. Hunt" or "Defendant")

6    as a driver at Defendant's Commerce location, located at 6148 Garfield Ave., Commerce,

7    California 90040.

8         25.    When Plaintiff was hired, Plaintiff trained for two weeks under the supervision of

9    trainer Scott (hereafter "Scott" or "Defendant"). Scott is a Caucasian male. Throughout the duration

10   of Plaintiff's training, Scott made derogatory comments about "[Plaintiff's] people," including but

11   not limited to: "What the hell are you doing here you should be opening up a liquor store." Further

12   Scott called Indians who could not speak perfect English "dumb" or "stupid." Because Plaintiff

13   was a new employee, Plaintiff attempted to ignore the comments and was afraid to say anything at

14   that time.

15        26.    Despite Plaintiff's attempts to deal with Scott, Scott's harassment and derogatory

16   comments continued.

17        27.    On or around October 28, 2019, or October 29, 2019, Scott walked by Plaintiff and

18   out of the blue stated, "Fuck you." Given the context and Scott's prior comments, Plaintiff believed

19   this was directed at him due to his race/ethnicity.

20        28.    On or around Wednesday October 30, 2019, Scott sent a message to Plaintiff

21   stating, "I ran into your people, don't fuck with me you will [lose]." Plaintiff was offended and

22   confused. Plaintiff responded, "What?" but never received a response.

23        29.    On or around January 22, 2020, Plaintiff and Scott crossed paths while Plaintiff

24   was picking up a load. Scott stared Plaintiff down, giving him a dirty look. Later that day, he texted

25   Plaintiff, "Watch your back asshole."

26        30.    On or around January 28, 2020, Plaintiff engaged in protected activity when

27   Plaintiff called his manager, Ben, and reported that Scott was harassing Plaintiff. Plaintiff also sent

28   Ben screen shots of the text messages he'd received from Scott. A couple days later, Plaintiff again

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-8-

**COMPLAINT FOR DAMAGES**

1    engaged in protected activity when Plaintiff e-mailed Ben reporting the harassment based upon race

2    from Scott.

3        31.    In February 2020, Defendant retaliated against Plaintiff by suspending Plaintiff for

4    three (3) days and giving Plaintiff a written warning to permanently and negatively document his

5    file. While Defendant alleges the suspension was due to minor scratches on the truck, Defendant

6    failed to follow its own practices, policies and procedures, by failing to go through progressive

7    discipline. Prior to this incident, Plaintiff did not have any discipline.

8        32.    In or around March of 2020, Scott openly mocked, harassed, and belittled Plaintiff

9    with a co-worker. Scott pointed directly at Plaintiff, and continued to laugh at him. Plaintiff was

10   offended and humiliated by this conduct.

11       33.    The next day, Plaintiff engaged in protected activity and followed up with Aaron

12   Warren regarding his past reports of harassment and discrimination relating to Scott. When Plaintiff

13   asked Aaron what the response to the complaint was, Aaron stated, "It's none of your business, we

14   don't have to come and tell you what we're doing, just know that it is taken care of." Despite

15   Aaron's representation that "it was taken care of," Scott was allowed to, and continued to, harass

16   and discriminate against Plaintiff.

17       34.    In retaliation for engaging in protected activity, Plaintiff's routes were cut in March

18   of 2020. Plaintiff went from driving 2,700 to 2,900 miles weekly, to approximately 1,700 miles

19   weekly. Plaintiff's compensation was based in part on the number of miles Plaintiff drove. As such,

20   this materially and adversely changed the terms, conditions, and privileges of Plaintiff's

21   employment because it resulted in a loss of pay to Plaintiff. Plaintiff attempted to find extra routes

22   he could drive in order to supplement the miles that had been taken from him.

23       35.    Following Plaintiff's miles being cut, Plaintiff again engaged in protected activity

24   when Plaintiff reported the retaliation to additional managers including: Devyn, Derek, Ian, and

25   Stephanie Barrintos. Despite Plaintiff's reporting, Plaintiff's routes were not restored.

26       36.    In or around August of 2020, in further retaliation, Defendant took away Plaintiff's

27   ability to drive local routes. This again changed the material terms and conditions of Plaintiff's

28   employment as it resulted in a loss of pay to Plaintiff.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**COMPLAINT FOR DAMAGES**

37.     Plaintiff again reported the retaliation on or around August 12, 2020 to Stephanie Barrintos. In response, Stephanie informed Plaintiff that "[he] should look for a change." Plaintiff understood this to mean that they would not restore Plaintiff's routes and miles, and that Defendant wanted Plaintiff to leave.

38.     Plaintiff was never given his routes/miles back and as result, Plaintiff had to continue scrambling to find any route or miles he could to supplement the routes/miles that were taken from him so as to provide for his family. Defendant never took action in response to Plaintiff's complaints. Rather, Defendant continued to subject Plaintiff to retaliation, among other things. As a result, Plaintiff felt he was left with no choice but to resign, and did so on November 24, 2020.

39.     Further, throughout Plaintiff's employment, Defendant represented to Plaintiff that he was compensated by the mile and drop. However, Defendant reported Plaintiff's earnings on an hourly basis and Plaintiff's paystubs reflect that he was compensated at an hourly rate of $16.55 rather than by the mile. Additionally, Plaintiff was a W2 employee, not an independent contractor.

40.     Throughout his employment, Plaintiff spent one to two hours prior to beginning his drive inspecting his vehicle, fueling his gas tank, and unloading. Plaintiff was not compensated for this time.

41.     Additionally, Defendant failed to provide Plaintiff overtime compensation for all hours worked in excess of eight (8) hours per day and forty (40) hours per week. Defendant also failed to compensate Plaintiff double time for all hours worked in excess of twelve (12) hours in a day.

42.     Plaintiff believes and based thereon alleges that throughout his employment, Defendant failed to compensate Plaintiff all wages owed, and that Defendant failed to provide Plaintiff overtime compensation, in violation of *Labor Code* sections 201 and 510.

43.     Plaintiff believes, and based thereon alleges, that his complaints relating to harassment and discrimination, as well as Defendant's retaliation against Plaintiff, were substantial motivating reasons for Defendant's decision to constructively terminate Plaintiff's employment.

44.     Mr. Mehra is prepared to bring a civil action against Defendant for the following causes of action: (1) Failure to Pay Wages; (2) Failure to Provide Overtime Compensation; (3)

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-10-

**COMPLAINT FOR DAMAGES**

1    Failure to Provide Rest Breaks; (4) Failure to Provide Meal Breaks; (5) Waiting Time Penalties;

2    (6) Failure to Provide Accurate Itemized Wage Statements; (7) Failure to Produce Employee File;

3    (8) Race Discrimination; (9) Hostile Work Environment; (10) Retaliation (Gov. Code, § 12940(h));

4    (11) Failure to Prevent Harassment, Discrimination and Retaliation; (12) Retaliation (Labor Code,

5    § 1102.5); (13) Unfair and Unlawful Business Practices; and (14) Wrongful Constructive

6    Termination [In Violation of Public Policy].

7         45.    *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has

8    suffered and will suffer harm, including lost wages, lost future income and employment benefits,

9    damage to his career, lost overtime, unpaid expenses, and penalties, as well as interest on unpaid

10   wages at the legal rate from and after each payday on which those wages should have been paid, in

11   a sum to be proven at trial.

12        46.    *Non-economic damages:* As a consequence of Defendants' conduct, Plaintiff has

13   suffered and will suffer psychological and emotional distress, humiliation, mental pain and physical

14   pain and anguish, in a sum to be proven at trial.

15        47.    *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or

16   malice under California *Civil Code* section 3294 and, thus, entitles Plaintiff to an award of

17   exemplary and/or punitive damages.

18        a.     *Malice:* Defendants' conduct was committed with malice within the meaning of

19   California *Civil Code* section 3294, including that (a) Defendants acted with intent to cause injury

20   to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by constructively

21   terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because

22   of his race, color and/or national origin, and complaints of violations of law, and/or (b) Defendants'

23   conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights,

24   health, and safety, including Plaintiff's right to be free of harassment, discrimination, retaliation

25   and wrongful constructive termination.

26        b.     *Oppression:* In addition, and/or alternatively, Defendants' conduct was committed

27   with oppression within the meaning of *Civil Code* section 3294, including that Defendants' actions

28   against Plaintiff because of his race, color and/or national origin, and complaints of violations of

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-11-

**COMPLAINT FOR DAMAGES**

law were "despicable" and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff's rights to a work place free of harassment, discrimination, retaliation and wrongful constructive termination.

c.   *Fraud:* In addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent within the meaning of California *Civil Code* section 3294, including that Defendants asserted false (pretextual) grounds for constructively terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive him of legal rights.

d.   Defendants, and their managing agents, officers, and/or directors, authorized and/or ratified the wrongful conduct of their employees, and are liable for punitive damages. Furthermore, Defendant's agent Scott Doe was a supervising and managing agent of Defendant J.B. Hunt and encouraged and participated in the harassment and discrimination of Plaintiff. Scott Doe managed Plaintiff's place of employment and was directly involved in the handling of Plaintiff's complaints. Scott Doe oversaw and evaluated the performance of the employees and determined their qualifications before they were hired or terminated. Scott Doe determined corporate policy by, *inter alia*, allowing and encouraging behaviors such as harassment, discrimination and unfair employment practices against employees of Indian descent to continue without implementing any investigations or disciplinary actions against the accused employees. Scott Doe did not necessarily need the approval of others to make various personnel decisions. Scott Doe had substantial discretionary authority in his role, which ultimately affected personnel aspects of J.B. Hunt's business. Scott Doe was J.B. Hunt's supervising and managing agent, and Scott Doe acted with oppression, fraud and malice against Plaintiff.

48.   *Attorney's fees:* Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

49.   *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted all of his administrative remedies under FEHA and obtained a "Right to Sue" letter from the Department of Fair Employment and Housing against Defendants. (A true and correct copy of Plaintiff's "Right to Sue" letter is attached hereto as **Exhibit "A"**).

///

-12-
**COMPLAINT FOR DAMAGES**

## VII.   FIRST CAUSE OF ACTION
(Failure to Pay Wages (Labor Code, § 201))
(Against J. B. Hunt, John Roberts, Jennifer Boattini, John Kuhlow and DOES 1 through 40)

50.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     Plaintiff is informed and believes and based thereon alleges that California *Labor Code* sections 201-203 were in full force and effect, and binding upon Defendants, throughout the course of his employment.

52.     At all times relevant, Plaintiff was an employee of Defendants.

53.     Pursuant to *Labor Code* section 201(a), "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

54.     Plaintiff, who was constructively terminated on or around November 24, 2020, was entitled to receive all amounts owed to him on the date of his termination, including unpaid wages due and owing to Plaintiff, among other things.

55.     Defendants refused and/or failed to promptly compensate Plaintiff all wages owed to him on the date of his termination, in violation of *Labor Code* section 201.

56.     Defendants knew, or should have known, that Plaintiff was not timely provided all amounts owed to him.

57.     As a proximate cause of Defendants' failure to provide Plaintiff all amounts owed to him upon termination, Plaintiff has been harmed in that he has been denied full compensation owed to him.

58.     As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of such unpaid wage amounts, plus interest and penalties thereon, attorney's fees and costs pursuant to *Labor Code* sections 218.5, 218.6, and 1194.

59.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

///

///

-13-
**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1

## VIII.   SECOND CAUSE OF ACTION
(Failure to Provide Overtime Compensation (Labor Code, §§ 510, 1194))
(Against J. B. Hunt, John Roberts, Jennifer Boattini, John Kuhlow and DOES 1 through 40)

60.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.     Plaintiff is informed and believes and based thereon alleges that California *Labor Code* sections 1194 and 510 were in full force and effect and binding upon Defendants throughout the course of his employment. Pursuant to *Labor Code* section 510(a), "Any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek… shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

62.     At all times relevant, Plaintiff was an employee of Defendants.

63.     Plaintiff worked overtime hours while employed by Defendants. However, Plaintiff did not receive overtime compensation for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek. Thus, Defendants deprived Plaintiff of all overtime compensation owed to him. Plaintiff believes and based thereon alleges that Defendant failed to provide him overtime compensation for at least 20 overtime hours per week.

64.     Defendants knew or should have known that Plaintiff worked overtime hours.

65.     Defendants refused to compensate Plaintiff properly for all overtime hours worked, in violation of *Labor Code* section 510.

66.     As a result of Defendants' failure to provide Plaintiff proper overtime compensation, Plaintiff has been harmed in that he has been denied full compensation owed to him.

67.     As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of such unpaid wage amounts, plus interest and penalties thereon, attorney's fees and costs of suit pursuant to *Labor Code* sections 218.5, 218.6, and 1194.

68.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

///

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-14-

**COMPLAINT FOR DAMAGES**

### IX.    THIRD CAUSE OF ACTION
(Failure to Provide Rest Breaks (Labor Code, § 226.7))
(Against J. B. Hunt, John Roberts, Jennifer Boattini, John Kuhlow and DOES 1 through 40)

69.      Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70.      California *Labor Code* section 226.7 requires an employer to pay an additional hour of compensation for each workday in which an employee is prevented from taking his rest breaks. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours or fraction thereof worked. Plaintiff consistently worked over four (4) hours per shift with no rest breaks during the relevant statutory period.

71.      At all times relevant, Plaintiff was an employee of Defendants.

72.      Defendants failed to provide or allow Plaintiff timely rest breaks of not less than ten (10) minutes for every four (4) hour work period as required by *Labor Code* section 226.7 during the relevant statutory period.

73.      Throughout his employment with Defendants, Plaintiff was not consistently provided with uninterrupted rest breaks, in violation of *Labor Code* section 226.7.

74.      Plaintiff is informed and believes, and based thereon alleges, that Defendants prohibited and/or prevented Plaintiff from taking his legally required rest breaks. Plaintiff was not able to take rest breaks during his employment.

75.      As a result of Defendants' violations of *Labor Code* section 226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per workday in which Plaintiff was prevented from taking his rest breaks, in a sum to be proven at trial, plus interest and penalties thereon, attorney's fees, and cost of suit, pursuant to *Labor Code* sections 218.5 and 218.6.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### X.    FOURTH CAUSE OF ACTION
(Failure to Provide Meal Breaks (Labor Code, § 226.7))
(Against J. B. Hunt, John Roberts, Jennifer Boattini, John Kuhlow and DOES 1 through 40)

76.      Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-15-
**COMPLAINT FOR DAMAGES**

77.     California *Labor Code* section 226.7 requires an employer to pay an additional hour of compensation for each workday in which an employee is prevented from taking his meal breaks. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period. Plaintiff consistently worked over five (5) hours per shift without being permitted or allowed to take the proper duty free thirty (30) minute legally required meal period.

78.     At all times relevant, Plaintiff was an employee of Defendants.

79.     Defendants failed to provide or allow Plaintiff a thirty (30) minute lunch break, in violation of *Labor Code* section 226.7 during the relevant statutory period. Defendants also failed to make and keep accurate time records recording meal periods provided to Plaintiff.

80.     Plaintiff is informed and believes, and based thereon alleges, that Defendants prohibited and/or prevented him from taking his legally required meal periods.

81.     As a result of Defendants' violations of *Labor Code* section 226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per workday in which Plaintiff was prevented from taking his rest breaks, in a sum to be proven at trial, plus interest and penalties thereon, attorney's fees, and cost of suit, pursuant to *Labor Code* sections 218.5 and 218.6.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XI.     FIFTH CAUSE OF ACTION
(Waiting Time Penalties (Labor Code, § 203))
(Against J. B. Hunt, John Roberts, Jennifer Boattini, John Kuhlow and DOES 1 through 40)

82.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 81 of this Complaint as though fully set forth herein.

83.     Plaintiff is informed and believes and based thereon alleges that California *Labor Code* sections 201 and 203, Industrial Welfare Commission Wage Orders Order No. 5-2001(5)(A) and the FFCRA were in full force and effect, and binding upon Defendants, throughout the course of his employment.

84.     At all times relevant, Plaintiff was an employee of Defendants.

85.     Plaintiff, who was terminated, was not provided all wages owed to him by Defendants upon his termination, in violation of *Labor Code* section 203, which provides that if an

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-16-

1   employer willfully fails to pay any wages of an employee who is discharged, the wages of the

2   employee shall continue as a penalty from the due date thereof at the same rate until paid (not to

3   exceed 30 days) or until an action is commenced.

4       86.     As a result of Defendants' failure to pay Plaintiff waiting time penalties, Plaintiff

5   has been harmed in that he has been deprived of all wages due and owing to him.

6       87.     As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of

7   such unpaid wage amounts, penalties, plus interest and penalties thereon, attorneys' fees and costs

8   pursuant to *Labor Code* sections 203, 218.5, 218.6 and 1194.

9       88.     The damages caused by Defendants are well in excess of the minimum subject

10  matter jurisdictional amount of this Court and will be demonstrated according to proof.

11      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

12

13                          **XII.    SIXTH CAUSE OF ACTION**
                    (Failure to Provide Accurate Itemized Wage Statements (Labor Code, § 226(e)))
14          (Against J. B. Hunt, John Roberts, Jennifer Boattini, John Kuhlow and DOES 1 through 40)

15      89.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

16  through 88 of this Complaint as though fully set forth herein.

17      90.     At all times herein mentioned, *Labor Code* section 226 was in full force and effect

18  and was binding on Defendants. This statute requires an employer to provide an employee an

19  accurate itemized wage statement in writing showing, among other things, total hours worked by

20  the employee, all gross wages earned, and the correct applicable hourly rates.

21      91.     At all times relevant, Plaintiff was an employee of Defendants.

22      92.     Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with

23  accurate itemized wage statements accurately showing all hours worked, as well as all applicable

24  hourly rates in effect during the pay period and the corresponding number of hours worked at each

25  hourly rate by the employee, in violation of *Labor Code* section 226(e).

26      93.     Plaintiff was damaged and injured as a result of Defendants' violation of *Labor*

27  *Code* section 226.

28      94.     Pursuant to *Labor Code* section 226(e), Plaintiff is entitled to recover the greater of

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-17-

1    all actual damages of fifty dollars ($50) for the initial pay period in which the violation occurs and

2    one hundred dollars ($100) per employee for each violation in subsequent pay periods not

3    exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of

4    costs and reasonable attorney's fees.

5         WHEREFORE, Plaintiff demands judgment as hereafter set forth.

6

7                              **XIII.    SEVENTH CAUSE OF ACTION**
                        (Failure to Produce Employee File (Labor Code, § 1198.5))
8          (Against J. B. Hunt, John Roberts, Jennifer Boattini, John Kuhlow and DOES 1 through 40)

9         95.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

10   through 94 of this Complaint as though fully set forth herein.

11        96.    Pursuant to *Labor Code* section 1198.5, upon a written request from a current or

12   former employee, or his or her representative, the employer shall provide a copy of the personnel

13   records relating to an employee's performance, or to any grievance concerning the employee, not

14   later than thirty (30) calendar days from the date the employer receives the request, unless the

15   current or former employee, or his or her representative, and the employer agree in writing to a date

16   beyond thirty (30) calendar days to produce a copy of the records, as long as the agreed-upon date

17   does not exceed thirty five (35) calendar days from the employer's receipt of the written request.

18        97.    On October 28, 2020 Plaintiff requested a copy of his employee file and payroll

19   records from Defendant. Defendant failed to comply with Plaintiff's request and never provided

20   Plaintiff with his employee file and payroll records.

21        98.    Plaintiff is informed and believes, and thereupon alleges, that Defendant has not

22   allowed Plaintiff to inspect his personnel records in accordance with *Labor Code* section 1198.5 in

23   order to hide its *Labor Code* violations in the payment of wages, and therefore is subject to a civil

24   penalty of seven hundred and fifty dollars ($750) pursuant to *Labor Code* section 1198.5(k).

25        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

26   ///

27   ///

28   ///

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-18-
**COMPLAINT FOR DAMAGES**

## XIV.   EIGHTH CAUSE OF ACTION
(Race Discrimination (In Violation of FEHA))
(Against J. B. Hunt and DOES 1 through 10)

99.      Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 98 of this Complaint as though fully set forth herein.

100.      At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to refrain from discriminating against any employee as a result of their race, color and/or national origin, pursuant to section 12940(a). Further, these sections require Defendants to refrain from discriminating against any employee for complaining about discrimination pursuant to sections 12940(h) and 12940(j)(1).

101.      Plaintiff is a member of more than one protected class within the meaning of *Government Code* sections 12900 *et seq.*

102.      Plaintiff is of Indian origin.

103.      At all times relevant, Plaintiff was an employee of Defendants.

104.      During Plaintiff's employment with Defendants, Plaintiff experienced discrimination from Defendants in the form of disparate treatment on account of Plaintiff's race, color and/or national origin, as herein alleged.

105.      At all times material hereto, Plaintiff performed his duties and responsibilities as required by Defendants competently and above expectation.

106.      Defendants treated Plaintiff less favorably than other employees of Defendants. Plaintiff believes and based thereon alleges, that his race, color and/or national origin were factors in Defendants' discriminatory treatment of Plaintiff, which included discrimination in the form of disparate and hostile treatment, as set forth above.

107.      Such discrimination is in violation of *Government Code* sections 12940 *et seq.*, and has resulted in damage and injury to Plaintiff, as alleged herein.

108.      Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and received and served upon Defendants a Right to Sue letter.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-19-

**COMPLAINT FOR DAMAGES**

109.   As a proximate cause of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

110.   As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

111.   Defendants were aware of their obligation not to discriminate against Plaintiff based upon his race, color and/or national origin pursuant to *Government Code* section 12940(a). However, Defendants failed to do so. Thus, Defendants intentionally disregarded the *Government Code* and discriminated against Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

112.   Defendants' discrimination against Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to unwanted disparate treatment, humiliation and offensive and discriminatory comments, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

113.   Defendants have acted in a malicious and oppressive manner by subjecting Plaintiff to unwanted discrimination and disparate treatment, entitling Plaintiff to punitive damages.

114.   Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

115.   The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

///

///

///

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**COMPLAINT FOR DAMAGES**

**XV.    NINTH CAUSE OF ACTION**
(Work Environment Harassment (Gov. Code, § 12940(j)))
(Against J. B. Hunt, Scott Doe, DOES 1 through 10 and DOES 41 through 50)

116.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 115 of this Complaint as if fully set forth herein.

117.    At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to refrain from harassing an employee due to the employee's race, color and/or national origin, creating a work environment that is hostile, intimidating, offensive, oppressive, or abusive, pursuant to section 12940(j).

118.    At all times relevant, Plaintiff was an employee of Defendants.

119.    Plaintiff is a member of more than one protected class within the meaning of *Government Code* sections 12900 *et seq.*

120.    During Plaintiff's employment with Defendants, Defendants subjected Plaintiff to discriminatory and harassing conduct due to Plaintiff's race, color and/or national origin and good-faith complaints, as herein alleged, in violation of *Government Code* sections 12940(a) and 12940(j).

121.    Such discrimination and harassment included disparate and hostile treatment of Plaintiff. Defendant Scott Doe harassed Plaintiff by visually and obviously pointing at and laughing at Plaintiff, making fun of him with a fellow coworker. Scott made comments to Plaintiff such as, "What the hell are you doing here you should be opening up a liquor store," "Fuck you," "I ran into your people, don't fuck with me you will [lose]," and "Watch your back asshole," among others. Scott further referred to Indians who could not speak perfect English as "dumb" or "stupid."

122.    Any reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive and abusive. Plaintiff himself considered the work environment to be hostile, intimidating, offensive, oppressive and abusive.

123.    Plaintiff's race, color and/or national origin, and good-faith complaints were substantial motivating reasons for Defendants' decision to harass, discriminate and retaliate against Plaintiff, as herein alleged, in violation of *Government Code* section 12940(h).

-21-

**COMPLAINT FOR DAMAGES**

1    124.    As a result of Defendants' harassment of Plaintiff, Plaintiff has been harmed.

2    125.    As a proximate cause of Defendants' willful, knowing, and intentional harassment

3   against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and

4   other employee benefits.

5    126.    As a direct and proximate cause of Defendants' harassment against Plaintiff,

6   Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and

7   mental pain and anguish, all to his damage in a sum according to proof.

8    127.    Defendants were aware of their obligation not to harass Plaintiff based upon his

9   race, color and/or national origin and good-faith complaints, pursuant to *Government Code* section

10  12940(j). However, Defendants failed to do so. Thus, Defendants intentionally disregarded the

11  *Government Code* and harassed Plaintiff, so as to cause injury to Plaintiff. Further, Defendants'

12  conduct was despicable in that it was carried on by Defendants with a willful and conscious

13  disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code*

14  section 3294.

15   128.    Defendants' harassment of Plaintiff based upon Plaintiff's race, color and/or

16  national origin and good-faith complaints was despicable, and subjected Plaintiff to cruel and unjust

17  hardship by subjecting Plaintiff to humiliation and disparate treatment, as herein alleged, in

18  conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code*

19  section 3294.

20   129.    Defendants have acted in a malicious and oppressive manner by harassing Plaintiff

21  based upon Plaintiff's race, color and/or national origin and good-faith complaints, entitling

22  Plaintiff to punitive damages.

23   130.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

24  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

25  attorney's fees and costs of suit (including expert costs) in an amount according to proof.

26   131.    The damages caused by Defendants are well in excess of the minimum subject

27  matter jurisdictional amount of this Court and will be demonstrated according to proof.

28   WHEREFORE, Plaintiff demands judgment as hereafter set forth.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

**COMPLAINT FOR DAMAGES**

## XVI.  TENTH CAUSE OF ACTION
(Retaliation (Gov. Code, § 12940(h)))
(Against J. B. Hunt and DOES 1 through 10)

132.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 131 of this Complaint as though fully set forth herein.

133.     At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to refrain from retaliating against any employee due to complaints the employee has made, pursuant to section 12940(h).

134.     Plaintiff is a member of a protected class within the meaning of *Government Code* sections 12900 *et seq.*

135.     At all times relevant, Plaintiff was an employee of Defendants.

136.     During Plaintiff's employment, Plaintiff complained to Defendants of harassment, discrimination and retaliation that Plaintiff experienced from Defendants.

137.     Defendant failed to take action in response to Plaintiff's complaints. Rather, when Plaintiff attempted to follow up with Defendant's agent Aaron regarding the status of his complaints, he was told, "it's none of your business, we don't have to come and tell you what we're doing, just know that it is taken care of." However the harassment and discrimination continued thereafter.

138.     Further, on or around August 12, 2020 when Plaintiff complained to Defendant's agent Stephanie Barrintos regarding the retaliation he was experiencing, Stephanie told Plaintiff that "[he] should look for a change."

139.     Defendants constructively terminated Plaintiff's employment on or around November 24, 2020.

140.     Plaintiff believes and based thereon alleges that his good faith complaints and his race, color and/or national origin were factors in Defendants' actions against Plaintiff, which included retaliation as set forth above. Such retaliation is in violation of *Government Code* sections 12940 *et seq.*, and has resulted in damage and injury to Plaintiff, as alleged herein.

141.     Within the time provided by law, Plaintiff filed a complaint with the California

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-23-
**COMPLAINT FOR DAMAGES**

1  Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and

2  has received and served upon Defendants a Right to Sue letter.

3      142.    As a proximate cause of Defendants' willful, knowing, and intentional retaliation

4  against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and

5  other employee benefits.

6      143.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

7  suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and

8  anguish, all to his damage in a sum according to proof.

9      144.    Defendants were aware of their obligation not to retaliate against Plaintiff based

10 upon his good faith complaints, pursuant to *Government Code* section 12940(h). However,

11 Defendants failed to do so. Thus, Defendants intentionally disregarded the *Government Code* and

12 retaliated against Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was

13 despicable in that it was carried on by Defendants with a willful and conscious disregard of the

14 rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

15     145.    Defendants' retaliation against Plaintiff based upon Plaintiff's good faith

16 complaints was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting

17 Plaintiff to wrongful constructive termination, among other things, as herein alleged, in conscious

18 disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section

19 3294.

20     146.    Defendants have acted in a malicious and oppressive manner by retaliating against

21 Plaintiff based upon Plaintiff's good faith complaints, entitling Plaintiff to punitive damages.

22     147.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

23 Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

24 attorney's fees and cost of suit (including expert costs) in an amount according to proof.

25     148.    The damages caused by Defendants are well in excess of the minimum subject

26 matter jurisdictional amount of this Court and will be demonstrated according to proof.

27     WHEREFORE, Plaintiff demands judgment as hereafter set forth.

28 ///

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-24-

## XVII.   ELEVENTH CAUSE OF ACTION
(Failure to Prevent Harassment, Discrimination and Retaliation (Gov. Code, § 12940(k)))
<u>(Against J. B. Hunt and DOES 1 through 10)</u>

149.   Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 148 of this Complaint as though fully set forth herein.

150.   At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq*., were in full force and effect and binding on Defendants. These sections require Defendants to take all reasonable steps necessary to prevent harassment, discrimination and retaliation from occurring pursuant to *Government Code* section 12940(k). Prior to filing this Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a Right to Sue letter.

151.   At all times relevant, Plaintiff was an employee of Defendants.

152.   Throughout Plaintiff's employment with Defendants, Defendants failed to prevent its employees from engaging in intentional actions that resulted in Plaintiff's being treated less favorably because of Plaintiff's protected status (*i.e.,* his race, color and/or national origin and his good-faith complaints). During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. Plaintiff has been subjected to harassment, discrimination and retaliation, as herein described at the hands of Defendants and Defendants' agents.

153.   Defendants failed to take all reasonable steps to prevent the harassment, discrimination and retaliation faced by Plaintiff. As a result, Plaintiff was harmed.

154.   Defendants' failure to take all reasonable steps to prevent the harassment, discrimination and retaliation was a substantial factor in causing Plaintiff's harm.

155.   Plaintiff believes, and on that basis alleges, that his race, color and/or national origin, and good-faith complaints, and/or other protected status and/or other protected activity were substantial motivating factors in Defendants' harassment, discrimination, and retaliation of Plaintiff.

156.   As a proximate cause of Defendants' willful, knowing, and intentional failure to prevent harassment, discrimination, and retaliation against Plaintiff, Plaintiff has sustained, and

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-25-
**COMPLAINT FOR DAMAGES**

1   continues to sustain, substantial losses in earnings and other employee benefits.

2       157.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

3   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and

4   anguish, all to his damage in a sum according to proof.

5       158.    Defendants were aware of their obligation to prevent harassment, discrimination

6   and retaliation, pursuant to *Government Code* section 12940(k). However, Defendants failed to do

7   so. Thus, Defendants intentionally disregarded the *Government Code* and allowed harassment,

8   discrimination and retaliation against Plaintiff, so as to cause injury to Plaintiff. Further,

9   Defendants' conduct was despicable in that it was carried on by Defendants with a willful and

10  conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil*

11  *Code* section 3294.

12      159.    Defendants' failure to prevent harassment, discrimination and retaliation against

13  Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff

14  to said harassing, discriminatory and retaliatory conduct, as herein alleged, in conscious disregard

15  of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

16      160.    Defendants have acted in a malicious and oppressive manner by failing to prevent

17  harassment, discrimination and retaliation against Plaintiff, entitling Plaintiff to punitive damages.

18      161.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

19  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

20  attorney's fees and costs (including expert costs) in an amount according to proof.

21      162.    The damages caused by Defendants are well in excess of the minimum subject

22  matter jurisdictional amount of this Court and will be demonstrated according to proof.

23      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

24

25  **XVIII.  TWELFTH CAUSE OF ACTION**
    (Retaliation for Engaging in Protected Activity (Labor Code, § 1102.5))
26  (Against J. B. Hunt and DOES 1 through 10)

27      163.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

28  through 162 of this Complaint as though fully set forth herein.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-26-

**COMPLAINT FOR DAMAGES**

164.     At all times mentioned herein, Defendants employed five or more persons, and *Labor Code* section 1102.5 was in full force and effect and binding on Defendants. This section requires Defendants to refrain from retaliating against any employee as a result of the employee's opposition to practices forbidden by state or federal statute, or practices that violate or do not comply with a local, state, or federal rule or regulation pursuant to *Labor Code* section 1102.5(c).

165.     At all times relevant, Plaintiff was an employee of Defendants.

166.     During his employment with Defendants, Plaintiff complained to Defendants regarding the harassment, disparate treatment and retaliation that Plaintiff experienced from Defendants.

167.     Plaintiff's allowance of said conduct would have resulted in Defendants' continued violation of *Government Code* sections 12900 *et seq.* and *Business and Professions Code* sections 17200 *et seq.*

168.     After Plaintiff's complaints to Defendants of violations of law, Plaintiff was constructively terminated, in major part because Plaintiff reported Defendants' unlawful practices. Such retaliation is a violation of *Labor Code* section 1102.5.

169.     Plaintiff's reporting of Defendants' unlawful practices was a contributing factor in Defendants' decision to constructively terminate Plaintiff, in violation of *Labor Code* section 1102.5.

170.     As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

171.     As a proximate result of Defendants' willful, knowing, and intentional unlawful actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

172.     Defendants were aware of their obligation not to retaliate against Plaintiff based upon his good-faith complaints of Defendants' violations of law, pursuant to *Labor Code* section 1102.5 However, Defendants failed to do so. Thus, Defendants intentionally disregarded the *Labor Code* and retaliated against Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-27-

1    was despicable in that it was carried on by Defendants with a willful and conscious disregard of the

2    rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

3         173.    Defendants' retaliation against Plaintiff based upon his good-faith complaints of

4    Defendants' violations of law was despicable, and subjected Plaintiff to cruel and unjust hardship

5    by subjecting Plaintiff to wrongful constructive termination, as herein alleged, in conscious

6    disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section

7    3294.

8         174.    Defendants have acted in a malicious and oppressive manner in their retaliation

9    against Plaintiff for engaging in protected activity, entitling Plaintiff to punitive damages.

10        175.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

11   Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

12   attorney's fees and costs (including expert costs) in an amount according to proof.

13        176.    The damages caused by Defendants are well in excess of the minimum subject

14   matter jurisdictional amount of this Court, and will be demonstrated according to proof.

15        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

16

17                          **XIX.    THIRTEENTH CAUSE OF ACTION**
                 (Unfair and Unlawful Business Practices (Bus. & Prof. Code, §§ 17200 *et seq.*))
                          (Against J. B. Hunt and DOES 1 through 10)
18

19        177.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

20   through 176 of this Complaint as though fully set forth herein.

21        178.    Plaintiff, on behalf of himself, brings these claims pursuant to *Business &*

22   *Professions Code* sections 17200 *et seq.* The conduct of Defendants as alleged in this Complaint

23   has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public.

24   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

25   California *Code of Civil Procedure* section 1021.5.

26        179.    Plaintiff is a "person who has suffered injury in fact and has lost money or property

27   as a result of such unfair competition" within the meaning of *Business & Professions Code* section

28   17204, in that he has been deprived of wages, and therefore has standing to bring this cause for

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1   injunctive relief, restitution, and other appropriate equitable relief.

2       180.    *Business & Professions Code* sections 17200 *et seq*., prohibit unlawful and unfair

3   business practices.

4       181.    Wage and hour laws express fundamental public policies. Providing employees

5   with wages is also a fundamental public policy of this state and of the United States. California

6   *Labor Code* section 90.5(a) articulates the public policies of this State to enforce vigorously

7   minimum labor standards to ensure that employees are not required or permitted to work under

8   substandard and unlawful conditions, and to protect law abiding employers and their employees

9   from competitors who lower their cost by failing to comply with minimum labor standards,

10  including failing to properly compensate employees.

11      182.    Defendants, beginning at an exact date unknown to Plaintiff, but at least since the

12  date four years prior to the filing of this suit, have committed acts of unfair competition as defined

13  by the Unfair Business Practice Act, and have violated statutes of public policies. Through the

14  conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have

15  violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair

16  business practices in violation of *Business & Professions Code* section 17200 *et seq*., depriving

17  Plaintiff and all interested persons, of the benefits and privileges guaranteed to all employees under

18  law.

19      183.    The conduct of said Defendants as alleged herein, constitutes unfair competition in

20  violation of section 17200 of the *Business & Professions Code*, in that Defendants have violated

21  *Labor Code* section 1198.5 and *Government Code* sections 12900 *et seq*.

22      184.    Defendants, by engaging in the conduct herein alleged, including but not limited to

23  failing to provide Plaintiff his employee file upon request, and subjecting Plaintiff to harassment,

24  discrimination, retaliation and wrongful constructive employment termination, among other things,

25  either knew, or in the exercise of reasonable care, should have known that such conduct was

26  unlawful and a violation of section 17200 of the *Business & Professions Code*.

27      185.    Unless restrained by this Court, Defendants will continue to engage in the unlawful

28  conduct as alleged above. Pursuant to *Business & Professions Code* sections 17200 *et seq*., this

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-29-

**COMPLAINT FOR DAMAGES**

1   Court should make such orders or judgments, including the appointment of a receiver, as may be

2   necessary, to prevent unlawful employment practices by Defendants, their agents or employees, of

3   any unlawful or deceptive practice prohibited by the *Business & Professions Code*, including but

4   not limited to, restitution which may be necessary to restore Plaintiff and other similarly situated

5   employees, the wages Defendants have unlawfully failed to pay.

6   186.   Plaintiff's success in this action will enforce important rights affecting the public

7   interest, and in that regard, Plaintiff sues on behalf of the general public as well as himself and

8   others similarly situated. Plaintiff is entitled to restitution, civil penalties, declaratory and injunctive

9   relief, and all other equitable remedies owing to him.

10   187.   The action is seeking to vindicate a public right, and it would be against the interests

11   of justice to penalize Plaintiff by forcing him to pay attorney's fees from the recovery in this action.

12   An award of attorney's fees is appropriate pursuant to *Code of Civil Procedure* section 1021.5 and

13   otherwise.

14   WHEREFORE, Plaintiff demands judgment as hereafter set forth.

15

16   **XX.     FOURTEENTH CAUSE OF ACTION**
     (Wrongful Constructive Termination (In Violation of Public Policy))
17   (Against J. B. Hunt and DOES 1 through 10)

18   188.   Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

19   through 187 of this Complaint as though fully set forth herein.

20   189.   At all times relevant, Plaintiff was an employee of Defendants.

21   190.   During Plaintiff's employment with Defendant, he faced disparate treatment and a

22   hostile work environment based upon his race, color and/or national origin.

23   191.   Plaintiff complained to Defendant on more than one occasion regarding the

24   disparate treatment and hostile treatment he experienced. However Defendant failed to take action

25   in response to Plaintiff's complaints.

26   192.   Rather than take action in response to Plaintiff's complaints, Defendant began to

27   retaliate against Plaintiff by cutting his routes, and dramatically reducing the amount of miles

28   Plaintiff was given weekly. This resulted in loss of pay to Plaintiff.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-30-

193.    Plaintiff complained to Defendants regarding the retaliation; however Defendant did not restore Plaintiff's miles, as herein alleged. Instead, Defendant again retaliated against Plaintiff by taking away Plaintiff's ability to drive local routes. This again resulted in loss of pay to Plaintiff.

194.    Plaintiff again reported the retaliation on or around August 12, 2020 to Stephanie Barrintos. In response, Stephanie informed Plaintiff that "[he] should look for a change." Plaintiff understood this to mean that they would not restore Plaintiff's routes and miles, and that Defendant wanted Plaintiff to leave.

195.    Plaintiff felt that he had no option but to resign as Defendants failed to take action in response to Plaintiff's good-faith complaints of harassment, discrimination and retaliation. Rather, Defendants continued to harass, discriminate, and retaliate against Plaintiff. Thus, Plaintiff resigned from his employment with Defendant and was constructively terminated on November 24, 2020.

196.    Defendants' wrongful constructive termination of Plaintiff in violation of public policy caused Plaintiff harm.

197.    Plaintiff believes, and based thereon alleges, that his race, color and/or national origin and his good-faith complaints were a substantial motivating reason for Defendants' decision to constructively terminate Plaintiff's employment.

198.    As a proximate cause of Defendants' willful, knowing, and intentional wrongful constructive termination of Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

199.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to his damage in a sum according to proof.

200.    Defendants were aware of their obligation not to wrongfully constructively terminate Plaintiff based upon his race, color and/or national origin and his good-faith complaints, pursuant to Public Policy. However, Defendants failed to do so. Thus, Defendants intentionally disregarded Public Policy and wrongfully constructively terminated Plaintiff, so as to cause injury

-31-

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1  to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants

2  with a willful and conscious disregard of the rights or safety of others, thereby constituting malice

3  as defined by *Civil Code* section 3294.

4      201.    Defendants' wrongful constructive termination of Plaintiff's employment was

5  despicable, and subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious

6  disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section

7  3294.

8      202.    Defendants' wrongful constructive termination of Plaintiff's employment was

9  fraudulent in that Defendants intentionally misrepresented their reason for Plaintiff's constructive

10 termination. Said misrepresentation was made by Defendants in order to deprive Plaintiff of legal

11 rights or otherwise cause him injury. Plaintiff believes and alleges that he was constructively

12 terminated due to his race, color and/or national origin, and his good-faith complaints. Defendants'

13 misrepresentation of their reason for Plaintiff's termination thereby constitutes fraud as defined by

14 *Civil Code* section 3294.

15     203.    Defendants have acted in a malicious, oppressive and fraudulent manner in their

16 wrongful constructive termination of Plaintiff's employment, entitling Plaintiff to punitive

17 damages.

18     204.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

19 Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

20 attorney's fees and costs of suit (including expert costs) in an amount according to proof.

21     205.    The damages caused by Defendants are well in excess of the minimum subject

22 matter jurisdictional amount of this Court and will be demonstrated according to proof.

23     WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XXI.    PRAYER FOR RELIEF

25 **WHEREFORE**, Plaintiff prays for judgment for the following:

26 ***ON ALL CAUSES OF ACTION***

27     1.    For general damages according to proof but no less than $1,000,000.00;

28     2.    For special damages according to proof but no less than $1,000,000.00;

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

3.      For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct on appropriate legal causes of action;

4.      For compensatory damages of no less than $500,000.00;

5.      For penalties of no less than $150,000.00;

6.      For prejudgment interest;

7.      For costs of suit, including attorney's fees;

8.      For such other relief as the Court deems just and proper.

DATED: January ___14___, 2022          THE LAW OFFICES OF GAVRIL T. GABRIEL

                                        By: _____
                                            Gavril T. Gabriel, Esq.
                                        Attorney for PLAINTIFF, RAMAN MEHRA

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-33-
**COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

NOTICE IS HEREBY GIVEN that Plaintiff, RAMAN MEHRA, hereby demands trial by jury in the above-entitled matter.

DATED: January ___14___, 2022          THE LAW OFFICES OF GAVRIL T. GABRIEL

By: _____

Gavril T. Gabriel, Esq.
Attorney for PLAINTIFF, RAMAN MEHRA

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT A

EXHIBIT A ATTACHED TO COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

January 9, 2022

Gavril Gabriel
8255 Firestone Blvd., Suite 209
Downey, California 90241

RE:  **Notice to Complainant's Attorney**
DFEH Matter Number: 202201-15799807
Right to Sue: Mehra / J. B. Hunt Transport, Inc. et al.

Dear Gavril Gabriel:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 9, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202201-15799807
      Right to Sue: Mehra / J. B. Hunt Transport, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 9, 2022

Raman Mehra

,

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202201-15799807
        Right to Sue: Mehra / J. B. Hunt Transport, Inc. et al.

Dear Raman Mehra:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective January 9, 2022
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in DFEH's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in DFEH's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
DFEH's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number
indicated on the Right to Sue notice.

Form 0T_157EAC345513 (Revised 12/21)                          DFEH-ENF 80 RS

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5
Raman Mehra                                          DFEH No. 202201-15799807

6
                                    Complainant,

7
vs.

8
J. B. Hunt Transport, Inc.
615 J B Hunt Corporate Drive
9
Lowell, AR 72745

10
Scott Unknown

11
,

                                    Respondents
12
_____

13

14
**1.** Respondent **J. B. Hunt Transport, Inc.** is an **employer** subject to suit under the California
Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
15

16
**2**.Complainant is naming **Scott Unknown** individual as Co-Respondent(s).

17
**3**. Complainant **Raman Mehra**, resides in the City of **,** State of **.**

18
**4.** Complainant alleges that on or about **November 24, 2020**, respondent took the
following adverse actions:
19

20
**Complainant was harassed** because of complainant's race, national origin (includes
language restrictions), color, other.
21

**Complainant was discriminated against** because of complainant's race, national origin
22
(includes language restrictions), color, other and as a result of the discrimination was
terminated, forced to quit, reprimanded, denied any employment benefit or privilege, other,
23
denied work opportunities or assignments.

24
**Complainant experienced retaliation** because complainant reported or resisted any form
of discrimination or harassment and as a result was terminated, forced to quit, reprimanded,
25

26
-1-

27
Date Filed: January 9, 2022

28

1  denied any employment benefit or privilege, other, denied work opportunities or
2  assignments.

3  **Additional Complaint Details:** Plaintiff Raman Mehra (hereafter "Mr. Mehra" or "Plaintiff")
   is currently 37 years old and identifies his race/ethnicity as Indian. On or around October 1,
4  2019 Plaintiff was hired by Defendant J.B. Hunt Transport, Inc. (hereafter "J.B. Hunt" or
   "Defendant") as a driver at Defendant's Commerce location, located at 6148 Garfield Ave.,
5  Commerce, California 90040.

6  When Plaintiff was hired, Plaintiff trained for two weeks under the supervision of trainer Scott
7  (hereafter "Scott" or "Defendant"). Scott is a Caucasian male. Throughout the duration of
   Plaintiff's training, Scott made derogatory comments about "[Plaintiff's] people," including but
8  not limited to: "What the hell are you doing here you should be opening up a liquor store."
   Further Scott called Indians who could not speak perfect English "dumb" or "stupid."
9  Because Plaintiff was a new employee, Plaintiff attempted to ignore the comments and was
   afraid to say anything at that time.
10
   Despite Plaintiff's attempts to deal with Scott, Scott's harassment and derogatory comments
11 continued.

12 On or around October 28, 2019 or October 29, 2019, Scott walked by Plaintiff and out of the
   blue stated, "Fuck you." Given the context and Scott's prior comments, Plaintiff believed this
13 was directed at him due to his race/ethnicity.

14 On or around Wednesday October 30, 2019, Scott sent a message to Plaintiff stating, "I ran
   into your people, don't fuck with me you will [lose]." Plaintiff was offended and confused.
15 Plaintiff responded, "What?" but never received a response.

16 On or around January 22, 2020, Plaintiff and Scott crossed paths while Plaintiff was picking
17 up a load. Scott stared Plaintiff down, giving him a dirty look. Later that day, he texted
   Plaintiff, "Watch your back asshole."
18
   On or around January 28, 2020 Plaintiff engaged in protected activity when Plaintiff called
19 his manager, Ben, and reported that Scott was harassing Plaintiff. Plaintiff also sent Ben
   screen shots of the text messages he'd received from Scott. A couple days later, Plaintiff
20 again engaged in protected activity when Plaintiff e-mailed Ben reporting the harassment
   based upon race from Scott.
21
   In February 2020, Defendant retaliated against Plaintiff by suspending Plaintiff for three (3)
22 days, and giving Plaintiff a written warning to permanently and negatively document his file.
   While Defendant alleges the suspension was due to minor scratches on the truck,
23 Defendant failed to follow its own practices, policies and procedures, by failing to go through
   progressive discipline. Prior to this incident, Plaintiff did not have any discipline.
24

25

26                                          -2-
                            *Complaint – DFEH No. 202201-15799807*
27
   Date Filed: January 9, 2022
28

Form 0T_157EAC345513 (Revised 12/21)                                    DFEH-ENF 80 RS

1 | In or around March 2020, Scott openly mocked, harassed, and belittled Plaintiff with a co-worker. Scott pointed directly at Plaintiff, and continued to laugh at him. Plaintiff was
2 | offended and humiliated by this conduct.

3 | The next day, Plaintiff engaged in protected activity and followed up with Aaron Warren regarding his past reports of harassment and discrimination relating to Scott. When Plaintiff
4 | asked Aaron what the response to the complaint was, Aaron stated, "It's none of your business, we don't have to come and tell you what we're doing, just know that it is taken
5 | care of." Despite Aaron's representation that "it was taken care of," Scott was allowed to, and continued to, harass and discriminate against Plaintiff.
6 |

7 | In retaliation for engaging in protected activity, Plaintiff's routes were cut in March 2020. Plaintiff went from driving 2,700 to 2,900 miles weekly, to approximately 1,700 miles weekly.
8 | Plaintiff's compensation was based in part on the number of miles Plaintiff drove. As such, this materially and adversely changed the terms, conditions, and privileges of Plaintiff's
9 | employment because it resulted in a loss of pay to Plaintiff.

10 | Following Plaintiff's miles being cut, Plaintiff again engaged in protected activity when Plaintiff reported the retaliation to additional managers including: Devyn, Derek, Ian, and
11 | Stephanie Barrintos. Despite Plaintiff's reporting, Plaintiff's miles were not restored.

12 | In or around August 2020, in further retaliation, Defendant took away Plaintiff's ability to drive local routes. This again changed the material terms and conditions of Plaintiff's
13 | employment as it resulted in a loss of pay to Plaintiff.

14 | Plaintiff recently reported the retaliation on or around August 12, 2020 to Stephanie
15 | Barrintos. In response, Stephanie informed Plaintiff that "[he] should look for a change." Plaintiff understood this to mean that they would not restore Plaintiff's routes and miles, and
16 | that Defendant wanted Plaintiff to leave.

17 | Plaintiff was never given his routes/miles back and as result, he could no longer afford to work at JB Hunt. Plaintiff was forced to resign on November 24, 2020.
18 |

19 | Plaintiff believes, and based thereon alleges, that his complaints relating to harassment and discrimination, as well as Defendant's retaliation against Plaintiff, were substantial
20 | motivating reasons for Defendant's decision to constructively terminate Plaintiff's employment.

21 |

22 |

23 |

24 |

25 |

26 | -3-
| *Complaint – DFEH No. 202201-15799807*
27 |
| Date Filed: January 9, 2022
28 |
| Form 0T_157EAC345513 (Revised 12/21)                                    DFEH-ENF 80 RS

VERIFICATION

I, **Gavril T. Gabriel**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On January 9, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Downey, CA**

-4-
*Complaint – DFEH No. 202201-15799807*

Date Filed: January 9, 2022

Form 0T_157EAC345513 (Revised 12/21)                                                    DFEH-ENF 80 RS